**Donald Depree JOHNSON, D. C., Appellant,**

v.

**TEXAS BOARD OF CHIROPRACTIC EXAMINERS, Appellee.**

**No. 7995.**

Court of Civil Appeals of Texas.

Amarillo.

Dec. 8, 1969.

Lewis P. Terrell, Lubbock, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., J. C. Davis and John H. Banks, Asst. Attys. Gen., Austin, for appellee.

JOY, Justice.

Suit in District Court appealing from order of the Texas Board of Chiropractic Examiners suspending appellant's license. From order granting plea to the jurisdiction, plaintiff appealed.

On February 28, 1969, Donald Depree Johnson was charged by the Texas Board of Chiropractic Examiners with violating Rule 13 of the rules and regulations promulgated by the Texas Board of Chiropractic Examiners. On March 20, 1969, the Texas Board of Chiropractic Examiners held a hearing at which both Johnson and his attorney appeared. The Board did not pronounce any ruling on that date. The decision of the Board remained secret until April 7, 1969, when the Board mailed to appellant its order dated March 20, 1969, suspending his license to practice chiropractic for three years and 60 days. This letter was received by appellant on April 9, 1969, the 20th day from date of the order. On April 23, 1969, 16 days after the mailing of the order by the Board and 14 days after actual receipt thereof, Johnson appealed the ruling of the Board by filing a petition in the District Court.

The Board filed a plea to the jurisdiction of the court alleging that Johnson had not timely filed his appeal. The Board

based its plea to the jurisdiction on Sec. 14 of Art. 4512b, Vernon's Ann.Civ.St., which provides that: "Any person whose license to practice chiropractic has been cancelled, revoked or suspended by the Board may, within twenty (20) days after the making and entering of such order, take an appeal to any of the district courts in the county of his residence * * *." The District Court sustained the Board's plea to the jurisdiction on the ground that the Board's order "on its face shows it was rendered and entered on March 20, 1969" and, as Johnson did not file his appeal within 20 days therefrom, he had lost his right to appeal.

It is Johnson's contention that the phrase "making and entering of such order" means that date on which notice of the Board's action was actually served on appellant. The Board counters that the 20 day period begins on the date appearing on the face of the order. While there does not appear to be any statutory provision or judicial interpretation defining the phrase "making and entering an order" of an administrative board, the phrase does have meaning with relationship to procedures of our courts. The "entry of a judgment [or order]" is the ministerial act of recording that judgment and the minutes of the court. It is the "enduring evidence of the judicial act * * *." Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041 (Sup. Ct.1912). As the minutes of the court are generally considered public records unless made otherwise by law, the practical effect of entering a judgment, order or decree is to give public notice, and particularly notice to those parties concerned, of an action taken by the court.

By the enactment of Art. 4512b, Sec. 14, the Legislature has provided the procedures by which a license to practice chiropractic may be cancelled, revoked or suspended and the method of appeal from such action. A part of this section reads: "* * * on appeal shall be a trial de novo, as such term is commonly used and intended in an appeal from the justice court to the county court * * *." Obviously, the Legislature could not have intended to grant to a party an appeal from a ruling of the Board and a full and complete trial on the merits on the one hand, then provided a method by which the Board could thwart that appeal and deprive the party of his day in·court. We think the Legislature intended that the 20 day period began to run from the day the order was issued, released or otherwise published or made public. A somewhat analogous situation was found in Southern Surety Co. v. Hendley, 226 S.W. 454 (Tex.Civ.App., refused). There the Industrial Accident Board issued an order subject to modification by the Board in such a manner that it was not a final order. Ordinarily our courts will not review an administrative order or decision unless and until it has become final. The court therein stated: "* * * the Industrial Accident Board cannot, under law, deprive the district court of its jurisdiction, by deciding and rendering its award for the time being only and subject to modification. If it can do this, it may, by repeated judgments of like character, forever close the doors to an appeal to the tribunals provided by law." We do not think the Board of Chiropractic Examiners can any more avoid an appeal by signing an order then refusing to publish same keeping it secret until the 20 days has expired, depriving a party of his day in court, than they could by refusing to issue a final order.

Herein the appellant received the order on the 20th day of the purported date the order was "rendered and entered." Appellant's brief states that as late as April 4, 1969, attempts were made by appellant to learn of the action, if any, of the Board taken on appellant's cause after hearing on March 20, 1969, and that the Board had taken no action on that date. Facts stated in appellant's brief, even though not in the record otherwise before this court, and unchallenged by the opposing party may be accepted by this court as

correct. Rule 419, Texas Rules of Civil Procedure.

 The order of the Board of Chiropractic Examiners was published or made public on April 7, 1969, by the posting of a letter and copy of the decision of the Board in the U. S. mails to the appellant. We are not to be understood as holding that actual notice of the action of the Board has to be received by the party affected by the order. We do hold that the 20 day period to take an appeal in which the party whose license to practice chiropractic has been cancelled, revoked or suspended does not begin to run until the order is made available to that party, either by making the records of the Board available to the party, or by posting of notice either in the U. S. mail to that party's last known address or to his attorney of record, or by some other type of usual and customary means of communication.

Reversed and remanded.