# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00592-CV

**Appellant, Greg Abbott, Attorney General of Texas // Cross-Appellant, State Bar of Texas**

**v.**

**Appellee, State Bar of Texas// Cross-Appellee, Attorney General of Texas**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GV-04-003520, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## O P I N I O N

This appeal concerns an open records request to the State Bar of Texas to disclose personal information about an attorney licensed by the Texas Supreme Court, including the attorney's name, home address, home telephone number, date of birth, and an internal database identifier number used by the State Bar.[1] The State Bar objected to disclosing this personal information and sought declaratory relief from the district court that the information was not subject to disclosure under the Texas Public Information Act. On cross-motions for summary judgment, the district court ruled that (1) the information requested is not maintained for the judiciary and, therefore, is subject to the provisions of the Public Information Act, and (2) the requested information is confidential and, therefore, excepted from disclosure under the terms of the Public Information Act. *See* Tex. Gov't Code Ann. § 552.101 (West 2004). Both parties appealed. The

---

[1] It is undisputed that the requested information is contained in records maintained by the State Bar.

State Bar contends that the district court erred in finding that access to the requested information is governed by the Public Information Act, as opposed to Rule 12 of the Rules of Judicial Administration, because the information is maintained by the State Bar for the judiciary. *See* Tex. Gov't Code Ann. § 552.0035 (West 2004). The Attorney General contends that the district court erred in finding that the information is confidential under the Public Information Act and, thus, exempt from disclosure under the Act. We conclude as a matter of law that the State Bar maintains the requested information for the judiciary and, therefore, the request for information is not governed by the Public Information Act. Rather, the request is governed by "rules adopted by the Supreme Court of Texas or by other applicable laws and rules." Accordingly, we reverse the judgment of the district court and remand this cause for further proceedings.

### *Factual and Procedural Background*

On July 12, 2004, a private citizen sent an open records request to the State Bar seeking, among other information, the home address, telephone number, date of birth, and internal identification number[2] of an attorney licensed by the Texas Supreme Court. The State Bar objected to disclosing this information and sought an open records ruling from the Attorney General arguing that the information was maintained by the State Bar for the judiciary and, therefore, not subject to the Public Information Act, or alternatively, that such "personally identifiable information" was confidential and excepted from disclosure under section 552.101 of the Public Information Act.

---

[2] The State Bar assigns "internal identification numbers" to every attorney licensed by the Texas Supreme Court. It uses these numbers to access and maintain files on individual attorneys in a computer database. This identification number is unique to the State Bar's database and used only as a tool for storing and accessing information in that database.

*See* Tex. Gov't Code Ann. § 552.101.[3]  On October 8, 2004, the Attorney General issued letter ruling OR2004-8551, opining that the requested information was subject to the Public Information Act and that the State Bar may not withhold the requested information as confidential under section 552.101 of the Act.

The State Bar filed the underlying declaratory judgment action against the Attorney General challenging the opinion in letter ruling OR2004-8551.  The State Bar then filed a motion for summary judgment arguing that the Public Information Act does not govern access to the requested information because the information is maintained by the State Bar for the judiciary, and alternatively, that if the Public Information Act applies, the information is confidential and excepted from disclosure under the Act.  The Attorney General responded with a cross-motion for summary judgment arguing that the requested information is subject to the Public Information Act and is not confidential under section 552.101 as a matter of law.

After hearing the cross-motions for summary judgment and supplemental filings by the parties, the court entered a final judgment (1) denying the State Bar's motion for summary judgment seeking a declaration that the requested information is not subject to the Public Information Act on the basis that it is maintained for the judiciary; (2) granting in part the Attorney General's motion for summary judgment that the requested information is subject to the Public

---

[3]  The Public Information Act specifically excepts certain public information from required disclosure.  *See* Tex. Gov't Code Ann. §§ 552.101-.123 (West 2004 & Supp. 2006).  Section 552.101, entitled "Exception:  Confidential Information," provides:

> Information is excepted from the requirements of Section 552.021 if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision.

Tex. Gov't Code Ann. § 552.101 (West 2004).

Information Act "except for that part entitled '[Public Information Act] Sec[tion] 552.101 Has No Applicability to the Bar's Membership Records,'" which was denied; and (3) granting the State Bar's alternative request in its motion for summary judgment that the requested information is confidential under the Public Information Act, and therefore, exempt from disclosure. In short, the district court concluded that the requested information was subject to the Public Information Act but protected from disclosure by the confidentiality provisions of section 552.101.

On appeal, the Attorney General argues that the district court erred by denying the part of his motion for summary judgment concerning the applicability of section 552.101 and by granting the State Bar's motion for summary judgment on that issue. He asks this Court to render judgment that the requested information is not confidential under section 552.101 of the Public Information Act and is subject to disclosure. The State Bar, on the other hand, argues that the district court erred in denying its motion for summary judgment on the issue of whether the requested information is subject to disclosure or nondisclosure pursuant to the provisions of the Public Information Act. The State Bar asks this Court to render judgment that it maintains its membership records "for the judiciary" such that under section 552.0035 of the Public Information Act, access to the requested information is governed by Rule 12 of the Rules of Judicial Administration as opposed to the Public Information Act.[4]

---

[4] Section 552.0035 of the Texas Public Information Act, entitled "Access to Information of Judiciary," provides:

(a) Access to information collected, assembled, or maintained by or for the judiciary is governed by rules adopted by the Supreme Court of Texas or by other applicable laws and rules.

(b) This section does not address whether information is considered to be information collected, assembled, or maintained by or for the judiciary.

4

***Standard of Review***

We review the summary judgment de novo. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). The standards for reviewing a summary judgment are well established: (1) the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed issue of material fact exists that would preclude summary judgment, we take all evidence favorable to the non-movant as true; and (3) we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When, as here, both parties file motions for summary judgment and the court denies both in part and grants both in part, we must review the summary judgment evidence presented by both sides, decide all questions presented, and render the judgment that the trial court should have rendered. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). Whether information is subject to the Public Information Act and whether an exception to disclosure applies to the information are questions of law. *Id.* (citing *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995)).

***Application of the Public Information Act***

The purpose of the Public Information Act is to provide public access "to complete information about the affairs of the government and the official acts of public officials and employees." Tex. Gov't Code Ann. § 552.001 (West 2004). The Act applies to any information "that is collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business: (1) by a governmental body; or (2) for a governmental body and the

---

Tex. Gov't Code Ann. § 552.0035 (West 2004).

5

governmental body owns the information or has a right of access to it." *Id.* § 552.002 (West 2004). Neither the State Bar nor the judiciary is included in the Public Information Act's definition of "governmental body." *See id.* § 552.003 (West 2004). However, the State Bar Act, located in chapter 81 of the government code, provides that "all records of the state bar . . . are subject to Chapter 552 [Public Information Act]." *Id.* § 81.033 (West 2005). Therefore, we look to Chapter 552 for direction on how to address requests for access to State Bar records.

Section 552.0035 of the Public Information Act provides that "access to information collected, assembled, or maintained by or for the judiciary is governed by the rules adopted by the Supreme Court of Texas or by other applicable laws and rules." *Id.* § 552.0035. This provision must be read in harmony with section 81.033 of the State Bar Act. Section 81.033 directs us to chapter 552 (the Public Information Act) for rules governing disclosure of State Bar records. Section 552.0035 further refines statutory direction for disclosure of certain portions of the State Bar's records. Specifically, under the terms of section 552.0035, if the State Bar collects, assembles, or maintains any information for the judiciary, public access to that information is governed by laws and rules other than the Act, i.e., the rules promulgated by the supreme court governing access to the records of the judiciary or "other applicable laws and rules." We must decide in this appeal whether the information requested from the records of the State Bar at issue in this case—an attorney's home address, home telephone number, date of birth, and the State Bar's internal database identifier number—is "information collected, assembled, or maintained for the judiciary." *Id.*

The State Bar is an administrative agency of the judicial department of the government. *Id.* § 81.011 (West 2005). The Supreme Court of Texas, on behalf of the judicial department, exercises administrative control over the State Bar. *Id.* Under the State Bar Rules,

6

which are promulgated by the Texas Supreme Court, each person who becomes licensed to practice law must enroll in the State Bar. Tex. State Bar R. art. III, § 2, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (West 2005). To enroll in the State Bar, each person must file with the clerk of the Texas Supreme Court an enrollment form stating their name, permanent place of residence, principal place of practice, and such other information as may be required by the clerk. *See id.* Upon receiving this information plus certain required fees, the clerk enters that person's name on the membership rolls and issues an appropriate membership card. *See* Tex. State Bar R. art. III, § 4.

Although membership in the State Bar is a requirement for attorneys licensed to practice law in Texas, the Texas Supreme Court has the exclusive and nondelegable authority to issue licenses to practice law in this state. *See* Tex. Gov't Code Ann. § 82.021 (West 2005). Under the State Bar Act, which was enacted in aid of the judicial department's powers under the constitution to regulate the practice of law, the executive director of the State Bar "shall maintain the membership files [of the State Bar] and shall confer with the clerk of the supreme court as to the maintenance of those files." Tex. Gov't Code Ann. §§ 81.011, .029 (West 2005). Neither the officers and directors of the State Bar nor the clerk of the Texas Supreme Court have discretion to change the membership status of licensed attorneys who are members of the State Bar. *See In re Jones*, 978 S.W.2d 648, 653 (Tex. App.—Amarillo 1998, no pet.). Thus, gathering information from individuals to enroll them as members of the State Bar and recording changes in individuals' membership status are ministerial acts performed by the State Bar and the clerk of the Texas Supreme Court on behalf of the Texas Supreme Court. *See id.*

This statutory scheme requires the clerk of the Texas Supreme Court to collect, and the State Bar to maintain, information about licensed attorneys in the State Bar's membership

records for the Texas Supreme Court. This information and the records containing the information are ultimately the responsibility of and under the control of the Texas Supreme Court. Thus, we conclude that the information requested from the State Bar and at issue in this case falls within the purview of section 552.0035 as "information collected, assembled, or maintained by or for the judiciary." Tex. Gov't Code Ann. § 552.0035. Accordingly, under section 552.0035, public access to this information is not governed by chapter 552, but "by rules adopted by the Texas Supreme Court or by other applicable laws and rules." *Id.*

### *Rule 12 of the Rules of Judicial Administration*

The State Bar contends that public access to the requested information is governed by Rule 12 of the Rules of Judicial Administration and that the trial court erred in failing to grant a declaration to this effect.[5] The Attorney General argues that Rule 12 does not govern access to the information requested in this case as a matter of law because section 81.033 of the government code provides that all records of the State Bar are subject to the Public Information Act and because Rule 12 provides that it does not apply to records or information to which access is controlled by the Act. *See* Tex. R. Jud. Admin 12.3(a)(4).

---

[5] The Rules of Judicial Administration are promulgated by the Texas Supreme Court for the operation and management of the court system and for the efficient administration of justice. Tex. Gov't Code Ann. § 74.024 (West 2005). Rule 12 of the Rules of Judicial Administration is entitled "Public Access to Judicial Records," and it provides that "the purpose of this rule is to provide public access to the information in the judiciary consistent with the mandates of the Texas Constitution that the public interests are best served by open courts and by an independent judiciary." Tex. R. Jud. Admin. 12.1. The rule governs access to "judicial records," which are defined as records "made or maintained by or for a court or judicial agency in its regular course of business but not pertaining to its adjudicative function . . . ." *Id.* 12.2(d).

8

Whether or to what extent Rule 12 applies to the information at issue in this case will be determined pursuant to the procedures set forth in Rule 12 based on an inquiry made pursuant to Rule 12.  Our holding that access to the information at issue in this case is not governed by the Public Information Act, but by "rules adopted by the Supreme Court of Texas or by other applicable laws and rules" pursuant to section 552.0035 is dispositive of this case.

### *Conclusion*

We conclude that public access to an attorney's home address, home telephone number, date of birth, and internal database identifier number maintained by the State Bar is not governed by the Public Information Act pursuant to the provisions of section 552.0035.  Rather, access to such information is governed by rules adopted by the Supreme Court of Texas or by other applicable laws and rules.  Accordingly, we reverse the judgment of the district court and remand this cause for further proceedings consistent with this opinion.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Reversed and Remanded

Filed:  August 31, 2007

9