TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00602-CV






Samuel T. Jackson, Appellant


v.


Samuel T. Biscoe, in his official capacity as Travis County Judge; Travis County;

and the Travis County Commissioner's Court, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. D-1-GN-05-003745, HONORABLE DARLENE BYRNE, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 Appellant Samuel T. Jackson filed a petition for writ of mandamus under the Public
Information Act (1) in the district court, seeking to compel Samuel T. Biscoe, in his official capacity
as Travis County Judge, to disclose reports of administrative fees collected in connection with
certain proceedings. Biscoe moved for summary judgment, asserting that Jackson's request sought
records of the judiciary, not records in Biscoe's custody, and such records are therefore not subject
to the Act. The trial court granted summary judgment in favor of Biscoe, and Jackson appeals. For
the reasons stated, we affirm the judgment.



BACKGROUND


The Controversy

 On May 16, 2005, Jackson sent an electronically transmitted request to Travis County
for information under the Public Information Act, seeking reports for the previous four years of
administrative fees collected in connection with certain judicial proceedings, including but not
limited to the following information: (1) the name and address of each person against whom a fee
was assessed; (2) the style, number, and date of each case in which a fee was assessed; (3) the nature
and date of each violation for which each fee was assessed; (4) the amount of the fee assessed,
and the amount collected; and (5) the nature and date of each case in which no fee was required
due to dismissal, acquittal, or error pursuant to section 706.005(b) of the transportation code. See
Tex. Transp. Code Ann. §§ 706.005(b), .006 (West Supp. 2006).

 The county did not solicit an opinion from the Texas attorney general (2) but responded
to the request, claiming that Biscoe's office did not possess any records responsive to the request or
that the documents were not accessible to Biscoe: "Please be informed that Judge Biscoe's office
does not have the information you requested." Because the county concluded that the requested
records included court records, an assistant county attorney referred Jackson to the justices of the
peace in the county: "You may want to check with the Justices of the Peace in Travis County to see
if they maintain the information you are seeking." In a separate communication, the assistant county
attorney advised Jackson that the justice of the peace courts submit the information electronically
to OmniBase Services of Texas, a private vendor, that maintains the information and produces a
report on the program to which the "justice of the peace courts have access." The county also
referred Jackson to OmniBase Services of Texas, the vendor that maintains and administers the
records of fees collected pursuant to the program authorized by the legislature. The county provided
Jackson with copies of contracts between Travis County and the Texas Department of Public Safety
("TDPS" or the "department") and between the department and OmniBase "to assist in the
implementation of chapter 706," the Failure To Appear ("FTA") program.

 With regard to the FTA information provided by the county or other local political
subdivision, paragraph VIII of the contract provides:


 If the person fails to appear or fails to pay or satisfy a judgment as required by law,
the local political subdivision may submit an FTA report containing the following
information:


 (1) the jurisdiction in which the alleged offense occurred;


 (2) the name of the local political subdivision submitting the report;


 (3) the name, date of birth and Texas driver license number of the person who
failed to appear or failed to pay or satisfy a judgment;


 (4) the date of the alleged violation;


 (5) a brief description of the alleged violation;


 (6) a statement that the person failed to appear or failed to pay or satisfy a
judgment as required by law;


 (7) the date that the person failed to appear or failed to pay or satisfy a judgment;
and


 (8) any other information required by the TDPS.


* * *



 The local political subdivision must make reasonable efforts to ensure that all FTA
Reports are accurate, complete and non-duplicative.


Under the contract, the originating court that files the report has a continuing obligation to review
and correct or supplement the report.


The Lawsuit

 In October 2005, Jackson filed an original petition for writ of mandamus pursuant to
section 552.321 of the Public Information Act, seeking to compel Biscoe in his official capacity
as county judge to provide Jackson with copies of any reports prepared during the last four years
concerning administrative fees collected by Travis County Justices of the Peace pursuant to section
706.006 of the Texas Transportation Code. See Tex. Gov't Code Ann. § 552.321 (West 2004);
Tex. Transp. Code Ann. § 706.006. In his original answer, Biscoe asserted official, qualified,
and absolute immunity. In an amended answer Biscoe asserted that the requested records were
records of the judiciary and therefore not governed by the Act. Both parties filed motions for
summary judgment.

 In his summary judgment motion, Biscoe asserted that Richard Scott, Justice of the
Peace for Travis County precinct 1, is the proper custodian of the records, and that the records are
judicial records relating to the civil or criminal litigation in Judge Scott's court and are not public
records under the Act. Biscoe attached to his motion the following documents: Jackson's e-mail
correspondence with the county, a computer printout and an order for pre-trial conference relating
to Jackson's own case before the justice of the peace, a court document relating to Jackson's failure
to appear before the justice of the peace, and the affidavit of Judge Scott. In his affidavit, Scott
averred that he is the custodian of judicial records relating to civil and criminal litigation:


 On or about October 22, 2001, Samuel T. Jackson was assessed a speeding ticket in
Travis County. He pled not guilty and was ordered to appear for a pre-trial
disposition conference on September 25, 2002. Mr. Jackson failed to appear on that
date or to advise the court that he would not be able to appear. As a result, on June
3, 2003, Mr. Jackson was charged with Failing to Appear. As a result, he was
assessed two individual "OMNI" fees . . . .

 

 The records relating to the "OMNI" fees assessed against Mr. Jackson are part of the
judicial records relating to the criminal litigation created as a result of Mr. Jackson
not appearing at the pre-trial conference and then being assessed a second charge of
Failing to Appear. Since they are judicial records, they are maintained in my office
and not with any other Travis County entity. Each "OMNI" fee is specific to each
case which is assessed such a fee. Thus, if a fee exists, it is only maintained with the
file to which it is associated.



The trial court granted summary judgment in Biscoe's favor. This appeal followed.



DISCUSSION



 In three issues, Jackson complains that the records he seeks are not court records but
are the records the county is required to maintain under section 706.007 of the transportation code,
that the records are maintained by a private entity for the county and are therefore subject to the Act,
and that, as county judge, Biscoe is the appropriate officer for public information requests for the
county. Attaching evidence including the affidavit of Justice of the Peace Richard Scott, the county
responds that the records sought are records of the judiciary and the Act does not govern access to
records of the judiciary.



Standard of Review

 We review a summary judgment de novo, Joe v. Two Thirty Nine Joint Venture,
145 S.W.3d 150, 156 (Tex. 2004), and employ well-established standards of review: (1) the movant
must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a
matter of law; (2) in deciding whether a disputed issue of material fact exists that would preclude
summary judgment, we take all evidence favorable to the non-movant as true; and (3) we indulge
every reasonable inference and resolve any doubts in favor of the non-movant. Id.; Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Whether information is subject to
the Act and whether an exception to disclosure applies to the information are questions of law. See
City of Garland v. The Dallas Morning News, 22 S.W.3d 351, 356 (Tex. 2000) (citing A&T
Consultants, Inc. v. Sharp, 904 S.W.2d 668, 674 (Tex. 1995)).


The Texas Public Information Act 

 The Texas Public Information Act is intended to promote openness in government
and ensure that the governed are entitled to complete information about actions taken by public
officials and employees. See Tex. Gov't Code Ann. § 552.001(a) (West 2004). The purpose of the
Act is to provide public access "at all times to complete information about the affairs of government
and the official acts of public officials and employees." See id. At the heart of the Act is the
principle that the public is entitled to all information that is collected, assembled, or maintained by
or for a governmental body. Id. § 552.002(a) (West 2004); Holmes v. Morales, 924 S.W.2d 920, 922
(Tex. 1996). The Act does not limit the availability of public information except as expressly
provided. See Tex. Gov't Code Ann. § 552.006 (West 2004); Arlington Indep. Sch. Dist. v. Texas
Attorney Gen., 37 S.W.3d 152, 157 (Tex. App.--Austin 2001, no pet.). In addition, the Act provides
examples of specific categories of public information that may not be withheld unless expressly
made confidential by other law. See Tex. Gov't Code Ann. § 552.022 (West 2004); In re City of
Georgetown, 53 S.W.3d 328, 331 (Tex. 2001).

 Section 552.0035 of the Act provides that "access to information collected,
assembled, or maintained by or for the judiciary is governed by the rules adopted by the Supreme
Court of Texas or by other applicable laws and rules." Tex. Gov't Code Ann. § 552.0035
(West 2004). The county's summary judgment evidence included the affidavit of Justice of the
Peace Richard Scott in which Scott averred that the records at issue in this case are judicial records
created in the judicial process and maintained by his office. This evidence is uncontroverted. (3) In
the absence of controverting evidence, we conclude the records sought by Jackson are "information
collected, assembled, or maintained by or for the judiciary" and that public access to them is not
governed by the Act. See Abbott v. State Bar of Texas, No. 03-06-00592-CV, 2007 Tex. App.
LEXIS 7232, *9 (Tex. App.--Austin Aug. 31, 2007, no pet. h.) (public access to information
"collected, assembled, or maintained by or for the judiciary" is not governed by the Public
Information Act, but by rules adopted by the Supreme Court of Texas or other applicable laws or
rules). Consequently, Jackson is not entitled to access to the records at issue in this case pursuant
to the Public Information Act as alleged in his petition for mandamus. (4)


CONCLUSION


 We overrule Jackson's issues on appeal and affirm the trial court's judgment.



 

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: October 2, 2007
1. Tex. Gov't Code Ann. §§ 552.001-.353 (West 2004 & Supp. 2006). 
2. Tex. Gov't Code Ann. § 552.301 (West Supp. 2006); see In re City of Georgetown,
53 S.W.3d 328, 329-30 (Tex. 2001).
3. Although Jackson disputes that the records are collected, assembled, or maintained by or
for the judiciary, he does not controvert the testimony in Scott's affidavit. Jackson asserts that the
records are physically maintained by a third party vendor and subject to disclosure under the Public
Information Act from the vendor through Judge Biscoe. Whether the records are physically
maintained by a third party vendor or physically maintained by the justice court is not relevant to the
analysis. Information maintained by someone other than the judiciary for the judiciary comes within
the ambit of section 552.0035. See Tex. Gov't Code Ann. § 552.0035 (West 2004).
4. The county suggests that access to these records may be governed by Rule 12 of the Rules
of Judicial Administration. But whether and to what extent Rule 12 applies to these records must
be determined pursuant to the procedures set forth in Rule 12 and an inquiry made pursuant to Rule
12. See Abbott v. State Bar of Texas, No. 03-06-00592-CV, 2007 Tex. App. LEXIS 7232, *9
(Tex. App.--Austin Aug. 31, 2007, no pet. h.). We do not reach this question in light of our holding
that public access to the records at issue is not governed by the Act.