# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00602-CV

**Samuel T. Jackson, Appellant**

**v.**

**Samuel T. Biscoe, in his official capacity as Travis County Judge; Travis County; and the Travis County Commissioner's Court, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-05-003745, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Samuel T. Jackson filed a petition for writ of mandamus under the Public Information Act[1] in the district court, seeking to compel Samuel T. Biscoe, in his official capacity as Travis County Judge, to disclose reports of administrative fees collected in connection with certain proceedings. Biscoe moved for summary judgment, asserting that Jackson's request sought records of the judiciary, not records in Biscoe's custody, and such records are therefore not subject to the Act. The trial court granted summary judgment in favor of Biscoe, and Jackson appeals. For the reasons stated, we affirm the judgment.

---

[1] Tex. Gov't Code Ann. §§ 552.001-.353 (West 2004 & Supp. 2006).

## BACKGROUND

*The Controversy*

On May 16, 2005, Jackson sent an electronically transmitted request to Travis County for information under the Public Information Act, seeking reports for the previous four years of administrative fees collected in connection with certain judicial proceedings, including but not limited to the following information: (1) the name and address of each person against whom a fee was assessed; (2) the style, number, and date of each case in which a fee was assessed; (3) the nature and date of each violation for which each fee was assessed; (4) the amount of the fee assessed, and the amount collected; and (5) the nature and date of each case in which no fee was required due to dismissal, acquittal, or error pursuant to section 706.005(b) of the transportation code. *See* Tex. Transp. Code Ann. §§ 706.005(b), .006 (West Supp. 2006).

The county did not solicit an opinion from the Texas attorney general[2] but responded to the request, claiming that Biscoe's office did not possess any records responsive to the request or that the documents were not accessible to Biscoe: "Please be informed that Judge Biscoe's office does not have the information you requested." Because the county concluded that the requested records included court records, an assistant county attorney referred Jackson to the justices of the peace in the county: "You may want to check with the Justices of the Peace in Travis County to see if they maintain the information you are seeking." In a separate communication, the assistant county attorney advised Jackson that the justice of the peace courts submit the information electronically

---

[2] Tex. Gov't Code Ann. § 552.301 (West Supp. 2006); *see In re City of Georgetown*, 53 S.W.3d 328, 329-30 (Tex. 2001).

2

to OmniBase Services of Texas, a private vendor, that maintains the information and produces a report on the program to which the "justice of the peace courts have access." The county also referred Jackson to OmniBase Services of Texas, the vendor that maintains and administers the records of fees collected pursuant to the program authorized by the legislature. The county provided Jackson with copies of contracts between Travis County and the Texas Department of Public Safety ("TDPS" or the "department") and between the department and OmniBase "to assist in the implementation of chapter 706," the Failure To Appear ("FTA") program.

With regard to the FTA information provided by the county or other local political subdivision, paragraph VIII of the contract provides:

> If the person fails to appear or fails to pay or satisfy a judgment as required by law, the local political subdivision may submit an FTA report containing the following information:
>
> (1)     the jurisdiction in which the alleged offense occurred;
>
> (2)     the name of the local political subdivision submitting the report;
>
> (3)     the name, date of birth and Texas driver license number of the person who failed to appear or failed to pay or satisfy a judgment;
>
> (4)     the date of the alleged violation;
>
> (5)     a brief description of the alleged violation;
>
> (6)     a statement that the person failed to appear or failed to pay or satisfy a judgment as required by law;
>
> (7)     the date that the person failed to appear or failed to pay or satisfy a judgment; and
>
> (8)     any other information required by the TDPS.

* * *

> The local political subdivision must make reasonable efforts to ensure that all FTA Reports are accurate, complete and non-duplicative.

Under the contract, the originating court that files the report has a continuing obligation to review and correct or supplement the report.

### *The Lawsuit*

In October 2005, Jackson filed an original petition for writ of mandamus pursuant to section 552.321 of the Public Information Act, seeking to compel Biscoe in his official capacity as county judge to provide Jackson with copies of any reports prepared during the last four years concerning administrative fees collected by Travis County Justices of the Peace pursuant to section 706.006 of the Texas Transportation Code. *See* Tex. Gov't Code Ann. § 552.321 (West 2004); Tex. Transp. Code Ann. § 706.006. In his original answer, Biscoe asserted official, qualified, and absolute immunity. In an amended answer Biscoe asserted that the requested records were records of the judiciary and therefore not governed by the Act. Both parties filed motions for summary judgment.

In his summary judgment motion, Biscoe asserted that Richard Scott, Justice of the Peace for Travis County precinct 1, is the proper custodian of the records, and that the records are judicial records relating to the civil or criminal litigation in Judge Scott's court and are not public records under the Act. Biscoe attached to his motion the following documents: Jackson's e-mail correspondence with the county, a computer printout and an order for pre-trial conference relating to Jackson's own case before the justice of the peace, a court document relating to Jackson's failure

4

to appear before the justice of the peace, and the affidavit of Judge Scott. In his affidavit, Scott averred that he is the custodian of judicial records relating to civil and criminal litigation:

> On or about October 22, 2001, Samuel T. Jackson was assessed a speeding ticket in Travis County. He pled not guilty and was ordered to appear for a pre-trial disposition conference on September 25, 2002. Mr. Jackson failed to appear on that date or to advise the court that he would not be able to appear. As a result, on June 3, 2003, Mr. Jackson was charged with Failing to Appear. As a result, he was assessed two individual "OMNI" fees . . . .
>
> The records relating to the "OMNI" fees assessed against Mr. Jackson are part of the judicial records relating to the criminal litigation created as a result of Mr. Jackson not appearing at the pre-trial conference and then being assessed a second charge of Failing to Appear. Since they are judicial records, they are maintained in my office and not with any other Travis County entity. Each "OMNI" fee is specific to each case which is assessed such a fee. Thus, if a fee exists, it is only maintained with the file to which it is associated.

The trial court granted summary judgment in Biscoe's favor. This appeal followed.

## DISCUSSION

In three issues, Jackson complains that the records he seeks are not court records but are the records the county is required to maintain under section 706.007 of the transportation code, that the records are maintained by a private entity for the county and are therefore subject to the Act, and that, as county judge, Biscoe is the appropriate officer for public information requests for the county. Attaching evidence including the affidavit of Justice of the Peace Richard Scott, the county responds that the records sought are records of the judiciary and the Act does not govern access to records of the judiciary.

5

*Standard of Review*

We review a summary judgment *de novo*, *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004), and employ well-established standards of review: (1) the movant must demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether a disputed issue of material fact exists that would preclude summary judgment, we take all evidence favorable to the non-movant as true; and (3) we indulge every reasonable inference and resolve any doubts in favor of the non-movant. *Id.*; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). Whether information is subject to the Act and whether an exception to disclosure applies to the information are questions of law. *See City of Garland v. The Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000) (citing *A&T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 674 (Tex. 1995)).

*The Texas Public Information Act*

The Texas Public Information Act is intended to promote openness in government and ensure that the governed are entitled to complete information about actions taken by public officials and employees. *See* Tex. Gov't Code Ann. § 552.001(a) (West 2004). The purpose of the Act is to provide public access "at all times to complete information about the affairs of government and the official acts of public officials and employees." *See id.* At the heart of the Act is the principle that the public is entitled to all information that is collected, assembled, or maintained by or for a governmental body. *Id.* § 552.002(a) (West 2004); *Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex. 1996). The Act does not limit the availability of public information except as expressly provided. *See* Tex. Gov't Code Ann. § 552.006 (West 2004); *Arlington Indep. Sch. Dist. v. Texas*

6

*Attorney Gen.*, 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.). In addition, the Act provides examples of specific categories of public information that may not be withheld unless expressly made confidential by other law. *See* Tex. Gov't Code Ann. § 552.022 (West 2004); *In re City of Georgetown*, 53 S.W.3d 328, 331 (Tex. 2001).

Section 552.0035 of the Act provides that "access to information collected, assembled, or maintained by or for the judiciary is governed by the rules adopted by the Supreme Court of Texas or by other applicable laws and rules." Tex. Gov't Code Ann. § 552.0035 (West 2004). The county's summary judgment evidence included the affidavit of Justice of the Peace Richard Scott in which Scott averred that the records at issue in this case are judicial records created in the judicial process and maintained by his office. This evidence is uncontroverted.[3] In the absence of controverting evidence, we conclude the records sought by Jackson are "information collected, assembled, or maintained by or for the judiciary" and that public access to them is not governed by the Act. *See Abbott v. State Bar of Texas*, No. 03-06-00592-CV, 2007 Tex. App. LEXIS 7232, *9 (Tex. App.—Austin Aug. 31, 2007, no pet. h.) (public access to information "collected, assembled, or maintained by or for the judiciary" is not governed by the Public Information Act, but by rules adopted by the Supreme Court of Texas or other applicable laws or

---

[3] Although Jackson disputes that the records are collected, assembled, or maintained by or for the judiciary, he does not controvert the testimony in Scott's affidavit. Jackson asserts that the records are physically maintained by a third party vendor and subject to disclosure under the Public Information Act from the vendor through Judge Biscoe. Whether the records are physically maintained by a third party vendor or physically maintained by the justice court is not relevant to the analysis. Information maintained by someone other than the judiciary *for* the judiciary comes within the ambit of section 552.0035. *See* Tex. Gov't Code Ann. § 552.0035 (West 2004).

rules). Consequently, Jackson is not entitled to access to the records at issue in this case pursuant to the Public Information Act as alleged in his petition for mandamus.[4]

**CONCLUSION**

We overrule Jackson's issues on appeal and affirm the trial court's judgment.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: October 2, 2007

---

[4] The county suggests that access to these records may be governed by Rule 12 of the Rules of Judicial Administration. But whether and to what extent Rule 12 applies to these records must be determined pursuant to the procedures set forth in Rule 12 and an inquiry made pursuant to Rule 12. *See Abbott v. State Bar of Texas*, No. 03-06-00592-CV, 2007 Tex. App. LEXIS 7232, *9 (Tex. App.—Austin Aug. 31, 2007, no pet. h.). We do not reach this question in light of our holding that public access to the records at issue is not governed by the Act.

8