# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00238-CV

---

**The Attorney General of The State of Texas, Ken Paxton, Appellant**

**v.**

**Mark Gonzalez, District Attorney for the 105th Judicial District, and the Nueces County District Attorney's Office, Appellees**

---

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-21-000130, THE HONORABLE GARY HARGER, JUDGE PRESIDING

---

## O P I N I O N

This case presents the question of whether the Texas Public Information Act (PIA), *see* Tex. Gov't Code §§ 552.001–.376, requires disclosure by a district attorney's office of the names of impaneled grand jurors. The trial court rendered summary judgment for the Nueces County District Attorney's Office and its District Attorney (collectively, the DA Office) that disclosure is not required. The Attorney General of Texas appeals. For the following reasons, we reverse and render judgment for the Attorney General that the DA Office must disclose the requested information.

**BACKGROUND**

The only information at issue in this case is a one-page list of the names of thirteen individuals who were present for grand-jury duty on a particular date.[1] The list is on the DA Office's letterhead, addressed to the "County Auditor—Attn: Jury Processing," and was submitted to the trial court for in camera review. *See id.* § 552.3221. The DA Office received two separate PIA requests from an individual seeking "all information allowed by law regarding the grand jury report" in two different criminal cases. *See id.* § 552.001 (outlining PIA's policy entitling each person to "complete information about the affairs of government and the official acts of public officials and employees" unless otherwise expressly provided by law). As relevant, the requestor sought the disclosure of the "name, gender, race, age[,] and number of all [grand] jurors."

The DA Office requested decisions from the Attorney General about whether it must disclose some of the requested information, arguing—relevant to this dispute—that the grand jurors' names were protected from disclosure under PIA Sections 552.003 and 552.101. *See id.* §§ 552.003, .101; *see also id.* § 552.301 ("Request for Attorney General Decision"). In three separate letter rulings, the Attorney General identified what information may be withheld and other information not protected from disclosure and that must be released to the requestor, including the grand jurors' names. *See* Tex. Att'y Gen. OR2020-30748, Tex. Att'y Gen. OR2021-09195, Tex. Att'y Gen. OR2021-10329.

Seeking nonetheless to withhold the information at issue, the DA Office filed in Travis County district court an original petition under the Uniform Declaratory Judgments Act

---

[1] The document also lists the grand jurors' addresses and telephone numbers, but that information is not at issue. Additionally, in his request for an Attorney General opinion, the DA represented that he would redact such information if he is ordered to produce the document.

(UDJA). *See* Tex. Civ. Prac. & Rem. Code § 37.001; Tex. Gov't Code §§ 552.324, .325. The Attorney General answered and requested that the trial court render judgment declaring that the information must be disclosed to the requestor. The parties filed competing motions for summary judgment, and the trial court granted the DA Office's summary-judgment motion, implicitly denying that of the Attorney General, who then timely perfected this appeal.

## DISCUSSION

In two issues, the Attorney General argues that the trial court erred in denying his motion for summary judgment and in granting the DA Office's motion. The DA Office raised two grounds in support of its summary-judgment motion: (1) the PIA's judicial exclusion applies to the information at issue, excepting it from disclosure, *see* Tex. Gov't Code § 552.003, and (2) the information at issue falls under the PIA's exception of information made confidential by Article 19A.104 of the Code of Criminal Procedure, *see id.* § 552.101; Tex. Code Crim. Proc. art. 19A.104. In his summary-judgment motion, the Attorney General made the opposite arguments as to those same two grounds.

When reviewing a trial court's rulings on cross-motions for summary judgment, we review all the summary-judgment evidence, determine de novo all issues presented, and render the judgment the trial court should have rendered. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). Additionally, the issues raised in the parties' competing motions involve pure questions of law, to wit: whether the information at issue is subject to the PIA and whether an exception to disclosure applies. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000); *Abbott v. State Bar of Tex.*, 241 S.W.3d 604, 607 (Tex. App.—Austin 2007, pet. denied). Although the Attorney General's construction of the PIA is

3

persuasive and we must give it due consideration, it is not controlling or binding. *See City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010); *Abbott v. Texas State Bd. of Pharmacy*, 391 S.W.3d 253, 258 (Tex. App.—Austin 2012, no pet.).

*Whether the judiciary exclusion applies*

The PIA expressly does not apply to the judiciary. *See* Tex. Gov't Code §§ 552.002 (defining "public information" as information written, produced, collected, assembled, or maintained by or for "governmental body" or by one of its officers or employees), .003(1)(B)(i) (expressly excluding "the judiciary" from definition of "governmental body"). Furthermore, information that is "collected, assembled, or maintained by or for the judiciary is governed by rules adopted by the Supreme Court of Texas or by other applicable laws and rules," *id.* § 552.0035(a), and thus cannot be ordered disclosed under the PIA, *see State Bar*, 241 S.W.3d at 609.

The DA Office concedes that it is not included in the definition of "the judiciary" and that it is a "governmental body" governed by the PIA. *See Holmes v. Morales*, 924 S.W.2d 920, 923 (Tex. 1996). It argues, however, that the grand jury is "an extension of the judiciary" for purposes of the PIA and that information within the grand jury's actual or constructive possession is thus not public information. *See Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987) (noting that grand jury is not entirely autonomous entity but functions as "arm" or "appendage" of court (citations omitted)); *State v. Newton*, 179 S.W.3d 104, 110–11 (Tex. App.—San Antonio 2005, no pet.) (holding that information that was presented to or received from grand jury does not fall under PIA's definition of "public information" and citing Attorney General opinion determining that PIA does not apply to information within grand jury's actual or

4

constructive possession); *Harrison v. Vance*, 34 S.W.3d 660, 663 (Tex. App.—Dallas 2000, no pet.) (holding that because communications made to grand jury in "the regular performance of its duties are secret," district attorney had no affirmative duty under PIA to provide requestor with information that would disclose what occurred during grand-jury proceedings).  The DA Office contends that the list of grand-juror names it created was performed "by or for the judiciary" and is under the grand jury's "constructive possession" because the DA Office was acting as an "actual or implied agent of the grand jury" when it created the list.

We disagree with the DA Office because its argument would require this Court to improperly expand agency law to allow an agent to act with implied authority in the absence of any express actual authority.  *See Sanders Oil & Gas GP, LLC v. Ridgeway Elec.*, 479 S.W.3d 293, 301 (Tex. App.—El Paso 2015, no pet) ("An agent that does not have express actual authority cannot have implied authority."); *Behring Int'l Inc. v. Greater Houston Bank*, 662 S.W.2d 642, 649 (Tex. App.—Houston [1st Dist.] 1983, writ dism'd by agr.) ("In the absence of express authority to act as an agent there can be no implied authority because authority is implied to enable the agent to perform the transaction or acts expressly delegated to it by the principal.").  The DA Office does not allege that it compiled the information at issue at the express request of the grand jury, that the grand jury expressly appointed the DA Office as its agent, or that any statute appoints the DA Office as the grand jury's agent.

Instead, the DA Office argues that it and the grand jury function in a "collaborative process" and that the DA Office "actively assists the grand jury in many of its judicial functions."  *See, e.g.*, Tex. Code Crim. Proc. arts. 20A.103 ("The attorney representing the state is entitled to appear before the grand jury and inform the grand jury of offenses subject to indictment at any time except when the grand jury is discussing the propriety of finding an

5

indictment or is voting on an indictment."), 20A.151 ("The grand jury may send for the attorney representing the state and ask the attorney's advice on any matter of law or on any question regarding the discharge of the grand jury's duties."). While that may be true for some of the DA Office's duties and functions, the DA Office has not cited any statutory mandate that it create a list of grand-juror names to assist the grand jury with its duties. *Cf. State Bar*, 241 S.W.3d at 607–09 (holding that attorneys' personal information collected by State Bar was information "collected, assembled, or maintained by or for the judiciary" because supreme court has exclusive administrative control over State Bar, including promulgating its rules, which require State Bar to collect such information).

Furthermore, while the DA Office's compilation of a list of grand-juror names might support its performance of its specific statutory duties related to grand juries, as the DA Office argues, *see, e.g.*, Tex. Code Crim. Proc. art. 19A.252 (requiring attorney representing state to prepare order for court identifying disqualified or unavailable grand juror and naming alternate), the fact that its creation of such list facilitates those statutory duties does not, without more, render the compilation of the names therein an activity performed "by or for the judiciary" (or by or for the grand jury as an extension of the judiciary). We sustain the Attorney General's first issue and hold that the information at issue is not excepted from disclosure under the judiciary exclusion.

### Whether the information at issue is confidential under the Code of Criminal Procedure

The PIA excepts from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code § 552.101. In his second issue, the Attorney General argues that the information at issue is not confidential under

6

Article 19A.104 of the Texas Code of Criminal Procedure, which was the second ground on which the DA Office relied to support its motion for summary judgment. *See* Tex. Code Crim. Proc. art. 19A.104(a), (b). That article provides,

> (a) Except as provided by Subsection (c), information collected by the court, court personnel, or prosecuting attorney during the grand jury selection process about a person who serves as a grand juror is confidential and may not be disclosed by the court, court personnel, or prosecuting attorney.

> (b) Information that is confidential under Subsection (a) includes a person's: (1) home address; (2) home telephone number; (3) social security number; (4) driver's license number; and (5) other personal information.

*Id.*; *see also id.* art. 35.29 (providing for confidentiality of same information about persons who serve as petit jurors). Although a juror's name is not specifically listed in Subsection (b) among the types of information that are expressly confidential, the DA Office posits that a juror's name is included in the generic term "other personal information." *See id.* art. 19A.104(b). For several reasons, we disagree.

Our fundamental goal in construing statutes is to ascertain and give effect to legislative intent, which we do by looking to the plain meaning of a statute's words unless a different meaning is supplied, a more precise definition is apparent from the context, or the plain meaning would lead to absurd or nonsensical results. *Paxton v. City of Dallas*, 509 S.W.3d 247, 256 (Tex. 2017); *Cadena Comercial USA Corp. v. Texas Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017). Further, we must consider the context and statutory framework of the entire statute and "meld its words into a cohesive reflection of legislative intent." *Cadena Comercial*, 518 S.W.3d at 326. Here, looking solely to the plain and common meaning of the words in the phrase "other personal information" results in an overbroad phrase that borders on being vague and ambiguous and that would encompass nearly every

7

fact about a person, including their name. *See, e.g.*, *Other*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/other (relevantly defining "other" to mean "different" or "additional") (last visited January 5, 2024); *Personal*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/personal (last visited January 5, 2024) (relevantly defining "personal" to mean "of, relating to, or affecting a particular person"); *Information*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/information (relevantly defining "information" to mean "facts" or "data") (last visited January 5, 2024). We thus must look to the statutory context to limit the possible correct meanings. *See Cadena Comercial*, 518 S.W.3d at 327.

Part of that context is the remainder of the statute. The phrase "other personal information" follows a list of specific types of personal information that are expressly deemed confidential. *See* Tex. Code Crim. Proc. art. 19A.104(b). The canon of statutory construction known as ejusdem generis compels that we limit the phrase "other personal information" to "the same class or kinds as the specific examples." *See Texans Uniting for Reform & Freedom v. Saenz*, 319 S.W.3d 914, 925 (Tex. App.—Austin 2010, pet. denied); *see also Hilco Elec. Co-op., Inc. v. Midlothian Butane Gas Co.*, 111 S.W.3d 75, 81 (Tex. 2003). An individual's name is not of the same class or kind of information as the specific examples provided of home address, home telephone number, Social Security number, and driver-license number—those types of personal information people universally safeguard. On the other hand, and in everyday life, people freely disclose their names to other individuals, businesses, and institutions. Indeed, a person's name is of the type of information that courts routinely ask people to state in open court.

Furthermore, the very process of grand-jury organization is open to the general public, as opposed to grand-jury *proceedings*, which are secret and closed to the public.

*Compare, e.g.*, Tex. Code Crim. Proc. arts. 1.24 ("The proceedings and trials in all courts shall be public."), 19A.151(a) ("Before the grand jury is impaneled, any person may challenge the array of grand jurors or any person presented as a grand juror."), *and* 19A.201(c) ("A grand juror is considered to be impaneled after the grand juror's qualifications have been tested and the grand juror has been sworn."), *with id.* art. 20A.202 ("Grand jury proceedings are secret."); *see also* Tex. Att'y Gen. Op. No. GA-0422 (2006) ("Although the *proceedings* of a grand jury— once it is organized—are closed to the public . . . there are no similar provisions that release a court during the grand jury organization process from the general rule . . . that the "proceedings and trials in the courts shall be open to the general public[.]"). "As a practical matter, then, grand jurors' identities will become public during the grand jury organization process." Tex. Att'y Gen. Op. No. GA-0422 (2006) (citing George E. Dix & Robert O. Dawson, 41 Texas Practice: Criminal Practice and Procedure § 18.06 (2d ed. 2001) (stating that identity of grand juror is public information despite [current article 19A.104]'s language because qualifications of potential grand jurors are tested in open court, among other reasons)). Aside from a grand juror's name being made public during the selection process, each indictment must bear the signature of the grand jury's foreperson. *See* Tex. Code Crim. Proc. art. 20A.302(b). It is unlikely that the legislature intended forepersons to enjoy less confidentiality than their fellow grand jurors. Similarly, when the State's prosecuting attorney learns that a grand juror has become disqualified or unavailable to serve, the attorney "shall prepare an order for the court" that identifies the disqualified or unavailable grand juror and identifies one of the alternate jurors. *See id.* art. 19A.252. Additionally, when a grand jury's term has expired without the body's completion of the matters before it, the judge of the district court in which the grand jury was impaneled may "by an order entered on the minutes of the court" extend the period during

which the grand jury may serve. *See id.* art. 19A.255. It would seem that such order would necessarily have to include the designation of the particular grand jurors to which the order pertains, and the minutes of the court are generally public records. *See Johnson v. Texas Bd. of Chiropractic Exam'rs*, 449 S.W.2d 145, (Tex. App.—Amarillo 1969, no writ) ("[T]he minutes of the court are generally considered public records unless made otherwise by law, [and thus] the practical effect of entering a judgment, order or decree is to give public notice[.]"); s*ee also Ralls v. State*, 205 S.W.2d 594, 597–98 (Tex. Crim. App. 1947) (acknowledging that minutes of court typically list names of impaneled grand jurors and holding that where minutes mistakenly listed name of thirteenth grand juror who was not in fact impaneled did not render indictment void when district attorney's affidavit explained mistake and demonstrated that grand jury was legally impaneled).

Additionally, in contrast to Article 19A.104's enumeration of types of personal information that are confidential—and especially its omission of a person's name in the list—the legislature elsewhere in the Code of Criminal Procedure and other codes has expressly listed circumstances when a person's name is confidential. *See, e.g.,* Tex. Code Crim. Proc. arts. 58.103(a) (making names of victims of sex offenses confidential), 58.153(a) (likewise for victims of stalking), 58.252 (likewise for victims of trafficking); Tex. Gov't Code § 552.123 ("The name of an applicant for the position of chief executive officer of an institution for higher education . . . is excepted from the [PIA]."); Tex. Fam. Code § 264.118 ("The identity of each child participating in a department survey is confidential and not subject to public disclosure under [the PIA]."). If the legislature wanted to do the same here, it could have said so expressly.

Considering the canon of ejusdem generis and the context in which the phrase at issue appears, the legislature's deliberate choice in other statutes—but not in Article 19A.104—

10

to require that a person's name be kept confidential, the fact that grand jurors' names are necessarily made public during the grand-juror-selection process, the default rule in the Code of Criminal Procedure that court proceedings are public, and the presumption in the PIA that all information maintained or collected by governmental bodies is "public information," we are compelled to agree with the Attorney General and conclude that Article 19A.104 does not make grand jurors' names confidential and that, therefore, grand jurors' names are not excepted from disclosure under PIA Section 552.101.[2] We sustain the Attorney General's second issue.

## CONCLUSION

Having sustained the Attorney General's issues and determined that the trial court improperly granted the summary-judgment motion of the DA Office and denied that of the Attorney General, we reverse the trial court's summary judgment and render judgment for the Attorney General that the information at issue must be disclosed under the PIA.

_____
Thomas J. Baker, Justice

Before Justices Baker, Kelly, and Theofanis
  Dissenting Opinion by Justice Kelly

Reversed and Rendered

Filed:  January 11, 2024

---

[2] While its opinion may not be cited for precedential value, we note that one of our sister courts has held that grand-juror names are not confidential, finding no authority "supporting a conclusion that the identities of grand jurors are required to be kept secret," albeit in an unpublished criminal opinion analyzing current Article 20A.202's mandate that grand-jury proceedings be "secret" rather than Article 19A.104 or its interaction with the PIA. *See Barnhart v. State*, No. 13-08-00511-CR, 2010 WL 3420823, at *11 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2010, pet. ref'd) (mem. op., not designated for publication).